UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Tatuyou L.L.C.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>One Ink Seven LLC,<br><br>and<br><br>Robert F. Smead,<br><br>　　　　　　　Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, Tatuyou L.L.C., for its complaint against Defendants, One Ink Seven LLC, and Robert F. Smead, states and alleges as follows:

**THE PARTIES**

1. Plaintiff Tatuyou L.L.C. is a Minnesota Limited Liability Company with its registered office located at 6339 St. Croix Trail South, Hastings, Minnesota, 55033 (hereinafter "Plaintiff" or "Tatuyou").

2. Upon information and belief, Defendant One Ink Seven LLC is an Indiana Limited Liability Company with its principal place of business located at 203 Hawthorne, Goshen, Indiana, 46526 (hereinafter "OIS").

3. Upon information and belief, Defendant Robert F. Smead is a natural person residing in the State of Indiana (hereinafter "Smead").

4. Upon information and belief, Defendant Smead maintains both an ownership interest in, and is a decision making leader or overseer of Defendant OIS. Upon

- 1 -

further information and belief, Defendant Smead was a moving, active and conscious force behind certain of the tortious acts alleged herein.

5. Upon information and belief, Defendant OIS and Defendant Smead (hereinafter, collectively "Defendants") make and sell various products for use in connection with the tattoo industry.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the patent laws of the United States of America, specifically 35 U.S.C. §1 *et seq.*, and particularly 35 U.S.C. § 271.

7. This civil action also arises under the Acts of Congress relating to trademarks, namely, the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, and particularly 15 U.S.C. § 1125(a).

8. This civil action also arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338, 1367 and 15 U.S.C. §1121.

10. This Court has personal jurisdiction over Defendant OIS and Defendant Smead as each are organized and domiciled in, and have committed acts within, the Northern District of Indiana, wherein said acts have caused injury to Plaintiff.

11. Upon information and belief, this Court has personal jurisdiction over Defendant Smead in connection with his active decision making within Defendant OIS, as well as having been a moving, active, and conscious force behind certain of the tortious acts alleged herein, including such tortious acts occurring within the Northern District of

Indiana. Upon further information and belief, Defendant Smead is domiciled in the Northern District of Indiana, purposefully availing himself to this Court's jurisdiction.

13. Venue is proper in this district under 28 U.S.C. §1391(c) because Defendants are subject to personal jurisdiction in this district.

## BACKGROUND

13. Since 2005, Plaintiff Tatuyou has been in the business of selling products used in the tattoo industry. Tatuyou provides products available to tattoo artists, and their clients, that assist in the application of tattoos and their immediate aftercare. Such products include stencil inks, stencil preparations, stencil paper and aftercare bandages. Tatuyou offers their products for sale, amongst other places, through an internet website owned and operated by Tatuyou under the Tatuderm® brand located at: https://www.tatuderm.com/

14. Plaintiff Tatuyou maintains an intellectual property portfolio of innovative patents, trademarks and copyrights, all in relation to its business of offering products for the tattoo industry.

15. Upon information and belief, Defendant OIS does business as "Electrum Supply" and owns and operates an internet website with the following domain name: https://www.electrumsupply.com/

## COUNT I
## INFRINGEMENT OF U.S. PAT. NO. 9,546,281

16.   On January 17, 2017, U.S. Patent No. 9,546,281 entitled "Tattoo Stencil Composition and Method for Manufacturing" (hereinafter "the '281 patent") was duly and legally issued in the name of the inventor, Russell E. Blette.  A copy of the '281 patent is attached herewith as Exhibit A to the Complaint.

17.   Plaintiff Tatuyou is the owner by assignment of the entire right, title, and interest in and to the '281 patent.

18.   Upon information and belief, Defendant OIS has been and is infringing the '281 patent under 35 U.S.C. §271(a) by making, using or selling, without license or authority from Tatuyou, in this district and elsewhere in the United States, skin applicable compositions that aid in the transfer of tattoo stencil patterns printed by an ink jet printer, said compositions being offered under the names "Electrum Premium Tattoo Stencil Primer"[1] and "Electrum Gold Standard Tattoo Stencil Primer."[2]

19.   On December 20, 2018, Tatuyou's attorney sent Defendant OIS a letter informing OIS of its infringement of the '281 patent.  A copy of the Decmeber 20, 2018, letter, the contents of which are fully incorporated herein by this reference, is attached herewith as Exhibit B to the Complaint.

20.   Enclosed with the December 20, 2018, letter, Tatuyou's attorney included a courtesy copy of the '281 patent.

21.   Upon information and belief, Defendant OIS will continue to infringe the '281 patent unless enjoined by the Court.

---

[1] *See, e.g.,* https://www.electrumsupply.com/electrum-premium-tattoo-stencil-primer-8-oz-zach-brunner-limited/
[2] *See, e.g.,* https://www.electrumsupply.com/electrum-gold-standard-tattoo-stencil-primer-8-oz/

22. Tatuyou has been damaged by Defendant OIS' infringement of the '281 patent, and will continue to be damaged by that infringement, unless Defendant OIS' infringement is enjoined by this Court.

23. Defendant OIS has had actual knowledge of the '281 patent since at least receipt of the December 20, 2018, letter, and its continuing infringement of the '281 patent continues to be willful and deliberate.

## COUNT II
## ACTIVE INDUCEMENT OF INFRINGEMENT OF
## U.S. PAT. NO. 9,546,281

24. Tatuyou incorporates the allegations of the preceding paragraphs as though fully restated herein in their entirety.

25. Upon information and belief, as evinced by Defendant OIS' description of the "Electrum Premium Tattoo Stencil Primer"[3] and "Electrum Gold Standard Tatoo Stencil Primer"[4], copies of which are attached herewith as Exhibit C to the Complaint, Defendant OIS has been and is actively inducing the infringement of the '281 patent under 35 U.S.C. §271(b) by knowingly calculating to induce third parties to directly infringe the '281 patent.

26. Upon information and belief, Defendant OIS will continue to actively induce infringement of the '281 patent unless enjoined by the Court.

27. Tatuyou has been damaged by Defendant OIS' actively inducing infringement of the '281 patent, and will continue to be damaged by that active inducement

---

[3] *See, fn 1, supra.*
[4] *See, fn 2, supra.*

of infringement, unless Defendant OIS' active inducement of infringement is enjoined by this Court.

## COUNT III
## CONTRIBUTORY INFRINGEMENT OF U.S. PAT. NO. 9,546,281

28. Tatuyou incorporates the allegations of the preceding paragraphs as though fully restated herein in their entirety.

29. Upon information and belief, Defendant OIS has been and is actively contributorily infringing the '281 patent under 35 U.S.C. §271(c) by selling components of the patented composition and/or apparatus for practicing the method of the invention of the '281 patent.

30. Upon information and belief, Defendant OIS will continue to contributorily infringe the '281 patent unless enjoined by the Court.

31. Tatuyou has been damaged by Defendant OIS' contributory infringement of the '281 patent, and will continue to be damaged by that contributory infringement, unless Defendant OIS' contributory infringement is enjoined by this Court.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PAT. NO. 8,545,613

32. Tatuyou incorporates the allegations of the preceding paragraphs as though fully restated herein in their entirety.

33. On October 1, 2013, U.S. Patent No. 8,545,613 entitled "Tattoo Transfer Pattern Printed By An Ink Jet Printer" (hereinafter "the '613 patent") was duly and legally

issued in the name of the inventor, Russell E. Blette. A copy of the '613 patent is attached herewith as Exhibit D to the Complaint.

34. Plaintiff Tatuyou is the owner by assignment of the entire right, title, and interest in and to the '613 patent.

35. Upon information and belief, Defendant OIS has been and is infringing the '613 patent under 35 U.S.C. §271(a) by making, using or selling, without license or authority from Tatuyou, in this district and elsewhere in the United States, a tattoo stencil ink composition under the name "NOX Violet" for use with tattoo transfer patterns printed by an ink jet printer, wherein said tattoo stencil ink composition embodies the inventions claimed in the '613 patent.[5]

36. Upon information and belief, Defendant OIS has been and is infringing the '613 patent under 35 U.S.C. §271(a) by making, using or selling, without license or authority from Tatuyou, in this district and elsewhere in the United States, a tattoo stencil ink composition under the name "Eco Stencils" for use with tattoo transfer patterns printed by an ink jet printer, wherein said tattoo stencil ink composition embodies the inventions claimed in the '613 patent.[6]

37. Upon information and belief, the stencil ink composition Defendant OIS markets as "NOX Violet" is substantially the same composition as Defendant OIS markets as "Eco Stencils."

38. On June 12, 2019, Tatuyou's attorney sent counsel for Defendant OIS a letter informing OIS of its infringement of the '613 patent by marketing the "NOX Violet"

---

[5] *See, e.g.,* https://www.electrumsupply.com/nox-violet-tattoo-stencil-ink/
[6] *See., e.g.,* https://www.electrumsupply.com/electrum-eco-stencil-stencil-printer-ink-4oz/

composition. A copy of that, letter, the contents of which are fully incorporated herein by this reference, is attached herewith as Exhibit E to the Complaint.

39. Enclosed with the June 12, 2019, letter, Tatuyou's attorney included a courtesy copy of the '613 patent.

40. Upon information and belief, Defendant OIS will continue to infringe the '613 patent unless enjoined by the Court.

41. Tatuyou has been damaged by Defendant OIS' infringement of the '613 patent, and will continue to be damaged by that infringement, unless Defendants' infringement is enjoined by this Court.

42. Upon information and belief, Defendant OIS has had actual knowledge of the '613 patent since at least receipt of the June 12, 2019, letter, and its continuing infringement of the '613 patent continues to be willful and deliberate.

## COUNT V
## ACTIVE INDUCEMENT OF U.S. PAT. NO. 8,545,613

43. Tatuyou incorporates the allegations of the preceding paragraphs as though fully restated herein in their entirety.

44. Upon information and belief, and as evinced by the "Eco Stencils" instructions attached herewith as Exhibit F to the Complaint, Defendant OIS has been and is actively inducing the infringement of the '613 patent under 35 U.S.C. §271(b) by knowingly calculating to induce third parties to directly infringe the '613 patent.

45. Upon information and belief, Defendant OIS will continue to actively induce infringement of the '613 patent unless enjoined by the Court.

46. Tatuyou has been damaged by Defendant OIS' actively inducing infringement of the '613 patent, and will continue to be damaged by that active inducement of infringement, unless Defendant OIS' active inducement of infringement is enjoined by this Court.

## COUNT VI
## CONTRIBUTORY INFRINGEMENT OF U.S. PAT. NO. 8,545,613

47. Tatuyou incorporates the allegations of the preceding paragraphs as though fully restated herein in their entirety.

48. Upon information and belief, Defendant OIS has been and is actively contributorily infringing the '613 patent under 35 U.S.C. §271(c) by selling components of the patented device and/or apparatus for practicing the method of the invention of the '613 patent.

49. Upon information and belief, Defendant OIS will continue to contributorily infringe the '613 patent unless enjoined by the Court.

50. Tatuyou has been damaged by Defendant OIS' contributory infringement of the '613 patent, and will continue to be damaged by that contributory infringement, unless Defendant OIS' contributory infringement is enjoined by this Court.

## COUNT VII
## VIOLATION OF §43(a) OF THE LANHAM ACT
## (against Defendant OIS)

51. Tatuyou incorporates the allegations of the preceding paragraphs as though fully restated herein in their entirety.

52. Count VII arises under Section 43(a) of the Federal Trademark Act of 1946 as amended (15 U.S.C. §1125(a)).

53. Plaintiff Tatuyou first began use of the mark INKJET STENCILS in interstate commerce in January, 2018, in association with temporary tattoo ink and stencils for transfer of a tattoo stencil pattern to skin.

54. Plaintiff Tatuyou is the owner of U.S. Trademark Registration No. 5,608,906, for the mark INKJET STENCILS (hereinafter, "the '906 registration."). A copy of the '906 registration is attached herewith as Exhibit G to the Complaint.

55. Since at least January 2018, Plaintiff Tatuyou has also used the following stylization of the mark INKJET STENCILS in association with, *inter alia*, temporary tattoo ink and stencil paper for the transfer of a tattoo stencil pattern to skin:



56. Since at least January 2018, Tatuyou has continually used the INKJET STENCILS trademark in commerce in association with temporary tattoo ink and stencils for transfer of a tattoo stencil pattern to skin.

57. Plaintiff Tatuyou has used its INKJET STENCIL mark to distinguish Tatuyou's goods from all other goods of the same classes, and Tatuyou has acquired goodwill through the use of the aforementioned mark.

58. Plaintiff Tatuyou's INKJET STENCILS mark has acquired secondary meaning to the public indicating Tatuyou as the source of the goods.

59. Plaintiff Tatuyou's INKJET STENCILS stylized trademark has acquired secondary meaning to the public indicating Tatuyou as the source of the goods.

60. Upon information and belief, Defendant OIS has, without authorization from Tatuyou, adopted or used a counterfeit mark which is identical with, or substantially indistinguishable from, Tatuyou's INKJET STENCILS stylized mark (hereinafter the "counterfeit mark").

61. An example of Defendant OIS' use of the counterfeit mark can be found at the following URL: https://www.electrumsupply.com/pacon-tracing-paper-500-sheets/  A copy of the example is attached herewith as Exhibit H to the Complaint.

62. Defendant OIS' use of the counterfeit mark constitutes an act in violation of 15 U.S.C. §1125(a) in that such use is likely to cause confusion, cause mistake or deceive as to affiliation, connection or association of Defendants OIS with Plaintiff Tatuyou.

63. Defendant OIS' use of the counterfeit mark falsely attributes Plaintiff Tatuyou as the origin, sponsorship or approval of the Defendant OIS' products or services, and falsely represents that the Defendant OIS' products or services are provided by, marketed by, sponsored by, approved of or licensed by Plaintiff Tatuyou.

64. As a proximate result of the Defendant OIS' acts, Plaintiff Tatuyou has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount as yet not fully ascertained.

65. Defendant OIS' conduct constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Trademark Act (15 U.S.C. § 1125(a)).

66. As Defendant OIS has flagrantly disregarded the rights of Plaintiff Tatuyou, this is an exceptional case and Tatuyou is entitled to recover three times its damages plus reasonable attorney's fees pursuant to 15 U.S.C. §1117.

## COUNT VIII
## VIOLATION OF §43(a) OF THE LANHAM ACT
## (against Defendant Smead)

67. Tatuyou incorporates the allegations of the preceding paragraphs as though fully restated herein in their entirety.

68. Count VIII arises under Section 43(a) of the Federal Trademark Act of 1946 as amended (15 U.S.C. §1125(a)).

69. Upon information and belief, Defendant Smead knowingly, intentionally and deliberately authorized or directed Defendant OIS to adopt and use, or participated in Defendant OIS adopting and using, the counterfeit mark in order to cause confusion, mistake and to deceive.

70. Plaintiff Tatuyou therefore alleges that the acts of Defendant Smead in his personal capacity of allowing Defendant OIS to adopt the counterfeit mark constitute trademark infringement which has been committed with the intent to cause confusion, mistake and to deceive.

71. By reason of Defendant Smead's acts alleged herein, Plaintiff Tatuyou has or will suffer damage to its business, reputation and goodwill and the loss of sales and profits Tatuyou would have made but for Defendant Smead's acts.

## COUNT IX
## COPYRIGHT INFRINGEMENT (17 U.S.C. 504, et seq.)

72. Tatuyou incorporates the allegations of the preceding paragraphs as though fully restated herein in their entirety.

73. Plaintiff Tatuyou markets its products via, *inter alia*, an internet website having the following URL: https://www.tatuderm.com/ (hereinafter "Tatuyou's website").

74. A copyright notice is contained on each page of Tatuyou's website.

75. Plaintiff Tatuyou is the sole copyright owner of the text and images contained within Tatuyou's website.

76. Plaintiff Tatuyou is the sole copyright owner of the below image found on Tatuyou's website:



77. Plaintiff Tatuyou has filed an application, deposit and fees with the U.S. Copyright Office relative to the above-identified image.

78. Upon information and belief, and without authorization, Defendants reproduced and created a derivative work based upon the above-identified image. A copy of said derivative work is attached herewith as Exhibit I to the Complaint.

79. Upon Information and belief, the derivative work was published by Defendant Smead via his personal Instagram account.

80. The portion of the derivative work based upon the above-identified image is substantially similar to the above-identified image.

81. Upon information and belief, Defendants have published and/or distributed the derivative work wherein such publication and/or distribution has been done without license from Tatuyou, contrary to the desires of Tatuyou and without Tatuyou's consent.

82. Upon information and belief, Defendants knew the image belonged to Tatuyou and that it did not have permission to exploit Tatuyou's work by creating derivative works based upon the above-identified image.

83. Upon information and belief, by the acts alleged herein, Defendants have directly infringed Tatuyou's copyright.

84. Defendants' infringement of Tatuyou's copyright has caused and is causing Tatuyou irreparable injury, loss and damages, and unless Defendants are restrained from continuing their wrongful infringement, the irreparable damage to Tatuyou will increase without adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tatuyou prays for the following relief:

(a) Declaring that Defendant OIS has infringed at least one claim of U.S. Pat. No. 8,545,613;

(b) Declaring that Defendant OIS' infringement of U.S. Pat. No. 8,545,613 is willful;

(c) Enjoining Defendant OIS, its officers, agents, servants, employees and attorneys and all person in active concert or participation, from any further infringement of U.S. Pat. No. 8,545,613;

(d) Declaring that Defendant OIS has infringed at least one claim of U.S. Pat. No. 9,546,281;

(e) Declaring that Defendant OIS' infringement of U.S. Pat. No. 9,546,281 is willful;

(f) Enjoining Defendant OIS, its officers, agents, servants, employees and attorneys and all persons in active concert or participation, from any further infringement of U.S. Pat. No. 9,546,281;

(g) Awarding Plaintiff Tatuyou damages, cost and interest under 35 U.S.C. § 284;

(h) Declaring that the award for patent infringement damages be trebled as provided by 35 U.S.C. § 284 for willful infringement;

(i) Declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, (plus interest);

(j) Declaring that Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation, be permanently enjoined from directly or indirectly infringing Plaintiff's INKJET STENCILS trademark in any manner;

(k) Declaring that Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a result of Defendants' trademark infringement, and to account for all gains, profits and advantages derived by said Defendants from their infringement of Plaintiff's trademark, together with interest on such damages as the Court deems appropriate;

(l) Declaring that Defendants be required to pay to Plaintiff three times its

        actual damages sustained as a result of Defendants' trademark infringement of said trademarks, pursuant to 15 U.S.C. § 1117.

(m) Declaring that Defendants pay to Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees as provided by 15 U.S.C. § 1117.

(n) Declaring that Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation, be permanently enjoined and restrained from acts of copyright infringement pursuant to 17 U.S.C. § 502, including but no limited to being enjoined from directly or indirectly infringing the copyright of Plaintiff in any manner and from causing, contributing to or participating in the use, reproduction or distribution of Plaintiff's copyrighted work;

(o) Declaring that Defendants be required to pay Plaintiff such damages and profits as provided by 17 U.S.C. § 504 and to account for all gains, profits and advantages derived by Defendants from their infringement of Plaintiff's copyrights, together with interest on such damages as the Court deems appropriate;

(p) Declaring that Defendants be required to pay Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees provided by 17 U.S.C. § 505; and

That this Court award such other and further relief as shall be deemed just.

- 17 -

Dated: December 26, 2019				Respectfully submitted,

						Botkin & Hall, LLP
						1003 North Hickory Road
						South Bend, IN 46615
						Phone: (574) 234-3900
						Facsimile: (574) 236-2839

						*/s/Michael D. Marston*
						Michael D. Marston
						Indiana Bar No. 26875-71
						mmarston@bhlawyers.net

						Garrick T. Lankford
						glankford@bhlawyers.net
						Indiana Bar No. 28648-20
						*Attorneys for Plaintiff*


						DuFault Law Firm, P.C.
						P.O. Box 1219
						Minnetonka, MN 55345
						Tel: (952) 935-4392
						Fax: (866) 936-4542

						*/s/ Dustin R. DuFault*
						Minnesota Bar No. 302,776
						DDuFault@DuFault-Law.com
						*Attorneys for Plaintiff*