UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TATUYOU, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-CV-1186-JD-MGG |
| | ) |
| ONEINKSEVEN, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Tatuyou, LLC has accused OneInkSeven, LLC of copying its tattoo products. After Tatuyou filed suit in this court, it began contacting OneInkSeven's online retailer and customers to warn of the alleged patent infringement. Based on those actions, OneInkSeven responded to Tatuyou's complaint alleging several counterclaims against Tatuyou and its CEO, Donna Dearinger. The counter-defendants moved to dismiss certain counterclaims, arguing Ms. Dearinger is immune from liability and that OneInkSeven has otherwise failed to state a claim upon which relief can be granted. The Court denies the motion to dismiss.

**I.  FACTUAL BACKGROUND**

Tatuyou, LLC, a Minnesota company, and OneInkSeven, LLC, an Indiana company, are both in the business of making and selling products for use in the tattoo industry. On December 20, 2018, Tatuyou sent a letter to OneInkSeven claiming an infringement on Tatuyou's patent. OneInkSeven denied such an infringement. On June 12, 2019, Tatuyou sent another letter claiming One Ink Seven infringed on another Tatuyou patent. OneInkSeven again denied the accusation.

On December 26, 2019, Tatuyou filed a complaint in this court against OneInkSeven alleging various counts of patent, trademark, and copyright infringement. Beginning in January

2020, Donna Dearinger (CEO of Tatuyou) contacted Amazon, a website through which OneInkSeven's products are sold, claiming the products violate Tatuyou's patent rights. Ms. Dearinger also directly contacted OneInkSeven's customers to inform them of the alleged infringement. To address this conduct, OneInkSeven brought several counterclaims against Tatuyou and joined Ms. Dearinger as a counter-defendant.

Tatuyou and Ms. Dearinger have now brought a motion to dismiss certain claims against them, which has been fully briefed.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

2

### III.  DISCUSSION

OneInkSeven asserts claims of tortious interference with business relationships, Indiana patent infringement bad faith, and unfair competition against both Tatuyou and Ms. Dearinger.[1] The counter-defendants move to dismiss all three counts as to Ms. Dearinger and the claim of unfair competition in its entirety.

**A.     Claims Against Ms. Dearinger**

Tatuyou and Ms. Dearinger request this court dismiss the claims of tortious interference, patent infringement bad faith, and unfair competition because OneInkSeven has not pleaded facts sufficient to pierce Tatuyou's corporate veil and to hold Ms. Dearinger, as CEO, personally liable.

Tatuyou and Ms. Dearinger argue that Indiana choice-of-law rules require this court to apply Minnesota law, the state in which Tatuyou was organized. Federal courts must apply state "substantive" law but federal "procedural" law where state law supplies the rule of decision. *See Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301-02 (7th Cir. 2010). In turn, a federal court "does not necessarily apply the substantive law of the forum state; rather, it applies the choice-of-law rules of the forum state to determine which state's substantive law applies." *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The Court thus applies Indiana's substantive law, including any of its applicable choice-of-law rules.

It is true that when determining whether to pierce the corporate veil, courts "typically apply the law of the state of incorporation," *MercAsia, USA Ltd. v. Zhu*, 2018 U.S. Dist. LEXIS 136113, *7 (N.D. Ind. Aug. 13, 2018) (citing *Secon Serv. Sys. v. St. Joseph Bank & Tr. Co.*, 855

---

[1] OneInkSeven also brings a counterclaim for declaratory relief to settle the issue of patent infringement, but that claim is not in dispute here.

F.2d 406, 413 (7th Cir. 1988)); however, that is unnecessary in this case as OneInkSeven need not pierce any corporate veil to hold Ms. Dearinger liable for her own torts.

Under Indiana law, "an officer or share-holder of a corporation can be held individually liable, without the need to pierce the corporate veil," by reason of the shareholder's own acts or conduct. *DFS Secured Healthcare Receivables Tr. v. Caregivers Great Lakes, Inc.*, 384 F.3d 338, 346-47 (7th Cir. 2004); *accord Civ. Rights Comm'n v. County Line Park, Inc.*, 738 N.E.2d 1044, 1049-50 (Ind. 2000) ("an officer is personally liable for the torts in which she has participated or which she has authorized or directed"). Even if Indiana's choice-of-law rules required this court to look to Minnesota law, the result would be the same. *See, e.g., State by Humphrey v. Alpine Air Products, Inc.*, 490 N.W.2d 888, 897-98 (Minn. App. 1992) (collecting cases where corporate officers have been held personally liable for their participation in a tort), *aff'd*, 500 N.W.2d 788 (Minn. 1993); *see also Ellingson v. World Amusement Service Ass'n*, 222 N.W. 335, 339 (Minn. 1928) ("It is the universal rule that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor").

The counter-defendants' citation to *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228 (Ind. 1994), is unavailing. That case dealt with a corporation's breach of contract, *see id.* at 1234 n.7, and the general rule that a defendant cannot tortiously interfere with its own contract, *see Kiyose v. Trs. of Indiana Univ.*, 333 N.E.2d 886, 891 (Ind. Ct. App. 1975). So long as an officer was acting within the scope of her duties and not for her own advantage when breaching a contract, she was acting as the corporation and thus no tort has occurred. *See id.*; *see also Trail v. Boys & Girls Club*, 845 N.E.2d 130, 138-40 (Ind. 2006). That is altogether different from an officer's active participation in or authorization of an actionable tort. *See Civ. Rights Comm'n*, 738 N.E.2d at 1049-50.

Tatuyou does not argue OneInkSeven has otherwise failed to plead sufficient facts to support the claims of tortious interference with business relationships and patent infringement bad faith. Although it is true that OneInkSeven only requests judgment as to Tatuyou for each count, such a narrow reading would effectively erase OneInkSeven's pleading that Ms. Dearinger has been joined as a party "against whom relief is asserted" arising out of the same transactions or occurrences that give rise to its counterclaims against Tatuyou. [DE 18 at 25 ¶ 4]. Because the court draws all reasonable inferences in OneInkSeven's favor for purposes of this motion, *see Reynolds*, 623 F.3d at 1146, the court is reluctant to dismiss Ms. Dearinger on account of a technicality, especially when OneInkSeven has pleaded facts about her conduct that give notice of the claims against her, *see Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (notice pleading is intended to "focus litigation on the merits of a claim" rather than on technicalities) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). The Court will therefore deny the request to dismiss Counts II and III of the counterclaim.

**B.     Unfair Competition**

Finally, the counter-defendants request the court dismiss the claim of unfair competition in its entirety because OneInkSeven has failed to state a claim, again asserting Ms. Dearinger cannot be individually liable. The Court has already found Ms. Dearinger can be individually liable for torts she participated in, and it further finds the counter-defendants' other arguments unpersuasive.

Tatuyou and Ms. Dearinger first argue that OneInkSeven cites no statute or common law relief; however, that is factually incorrect and also not a basis for dismissing this claim. Complaints need not plead legal theories, *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017), and "specifying an incorrect theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011). Even so, OneInkSeven did allege

unfair competition, a recognized cause of action under Indiana common law. *See Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 598 (Ind. 2001). In their reply, the counter-defendants argue that OneInkSeven has failed to allege facts which would support a claim of unfair competition. The Court disagrees.

The Indiana cause of action for unfair competition encompasses the facts alleged by OneInkSeven. Unfair competition is broadly defined as "the attempt to create confusion concerning the source of the unfair competitor's goods." *Id.* (quoting *Westward Coach Mfg. Co. v. Ford Motor Co.*, 388 F.2d 627, 633 (7th Cir. 1968)) (inner quotation omitted). It describes a category that "is open-ended, and nameless forms of unfair competition may be recognized at any time for the protection of commercial values." *Id.* (quoting W. Page Keeton, *Prosser and Keeton on the Law of Torts*, 1015 (5th ed. 1984)) (inner quotation omitted); *see also Neurology & Pain Mgmt. Assocs., P.C. v. Bunin*, 2018 U.S. Dist. LEXIS 135896, *13-15 (N.D. Ind. Aug. 13, 2018) (finding plaintiff's claim that defendant deceived individuals to direct their business toward defendant's own company was a cognizable unfair competition claim). The tort of unfair competition recognizes that "a person who has built up good will and reputation for his business is entitled to receive the benefits from his labors." *See Hammons Mobile Homes, Inc. v. Laser Mobile Home Transp., Inc.*, 501 N.E.2d 458, 460-61 (Ind. Ct. App. 1986).

OneInkSeven claims Tatuyou and Ms. Dearinger have wrongly represented to its retailer and customers that its products are infringing Tatuyou's patents or copying its products. This conduct, if true, would certainly have the "natural and probable tendency and effect" as to pass off the goods of OneInkSeven for that of Tatuyou. *See Felsher*, 755 N.E.2d at 598 (quoting *Hartzler v. Goshen Church & Ladder Co.*, 104 N.E. 34, 38 (Ind. Ct. App. 1914)). It would also create confusion as to the source of OneInkSeven's products or intellectual property. *See Terry v.*

*Int'l Dairy Queen, Inc.*, 554 F. Supp. 1088, 1098 (N.D. Ind. 1983). OneInkSeven claims these actions damaged its goodwill with its retailer and its customers, a property right the tort of unfair competition is intended to protect. *See Hammons Mobile Homes, Inc.*, 501 N.E.2d at 460-61.

Given the well pleaded facts and the "amorphous" nature of this cause of action, *see Neurology & Pain Mgmt. Assocs., P.C.*, 2018 U.S. Dist. LEXIS 135896 at *13, the Court finds OneInkSeven has sufficiently stated a claim of unfair competition against Tatuyou and Ms. Dearinger. The Court therefore denies the request to dismiss Count IV of the counterclaim.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES the counter-defendants' motion to dismiss. [DE 21].

SO ORDERED.

ENTERED:  September 16, 2020

                                                        /s/ JON E. DEGUILIO
                                                  Chief Judge
                                                  United States District Court