UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Tatuyou L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> One Ink Seven LLC, and <br> Robert F. Smead, <br><br> Defendants. <br><br> _____ <br><br> One Ink Seven, LLC., <br><br> Counterclaim-Plaintiff, <br><br> vs. <br><br> Tatuyou L.L.C, and <br> Donna Dearinger, <br><br> Counterclaim-Defendants | C.A. No. 3:19-cv-01186-JD-MGG |

**REPORT OF PARTIES' PLANNING MEETING**

**1.     Meeting**

The parties held a telephonic meeting under Fed. R. Civ. P. 26(f) on October 26, 2020, and subsequently agreed to this report on October 27, 2020. Michael Marston participated for Plaintiff Tatuyou L.LC. ("TTY") and Counterclaim Defendant Donna Dearinger ("Dearinger"), and Michael H. Michmerhuizen

participated for Defendants One Ink Seven LLC and Robert F. Smead ("Defendants").

**2.     Jurisdiction**

The court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) & (b). The parties agree that the disputes in this case arise under the Patent Act and Lanham Act, presenting a federal question that establishes subject matter jurisdiction in this Court. The parties agree that Defendant asserts related claims for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

**3.     Pre-Discovery Disclosures**

The parties will exchange, *but may not file,* Rule 26(a)(1) information no later than November 17, 2020.

**4.     Discovery Plan**

The parties propose the following discovery plan, and acknowledge that the requirements of the Local Patent Rules apply to this case. Accordingly, without waiving any objections by the party from whom such discovery may be sought or agreement by such party that any such information is discoverable, the parties propose the following in addition to the discovery plan and schedule addressed in the Local Rules and in accordance with the schedule in Exhibit A:

  a) Plaintiff TTY anticipates taking discovery on the at least Defendant's

manufacture, use, offers to sell, importation, and sale of the "Accused Products," *i.e.,* products practicing the claims of the Asserted Patents; the creation, and development of the Accused Products and any corresponding manuals of instruction (collectively, "Accused Products and Manuals"); Defendant's knowledge of the Accused Products and Manuals; Defendant's alleged copying of the Accused Products and Manuals; Defendant's marketing of the Accused Products and Manuals; Defendant's attempts to design around the Asserted Patents; Defendant's costs, revenue, and profits related to the Accused Products and use of the Asserted Trademark; and correspondence between the parties and/or between a party and a third party relating to the Asserted Patents and/or the Accused Products and Manuals.

b) Defendant OIS anticipates taking discovery on the following subjects:

c) Defendants OIS and Smead and Counterclaim-Plaintiff OIS anticipates taking discovery on the creation, scope, and ownership of the Asserted Patents and Asserted Trademark, defenses to the Plaintiff's claims, and correspondence between the Plaintiff and its representative relating to the Asserted Patents and/or the Accused Products and Manuals.

d) Counterclaim Defendant Dearing anticipates taking discovery on at least the following subjects:

e) Disclosure or discovery of electronically stored information will be handled as described pursuant to the terms of a mutually-agreeable stipulation for the

    discovery of electronically–stored information ("ESI Stipulation") (which is currently being discussed between the parties).

f) The last date to complete discovery will be 21 days after the deadline for service of Final Invalidity Contentions.

g) In discovery, the parties may serve and/or seek:

    a. A maximum of 35 written interrogatories by each party to any other party.

    b. A maximum of 50 requests for admission by either party.

    c. A maximum of 7 depositions (not including experts or third parties) by plaintiff(s) and 7 depositions (not including experts or third parties) by defendant(s). Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

h) The parties must disclose expert witness written reports (if applicable) according to the Local Patent Rules.

**5. Other Items**

a) The last date Plaintiffs may join additional parties and/or amend the pleadings without leave from the Court is January 15, 2021.

b) The last date Defendants may join additional parties and/or amend the pleadings without leave from the Court is February 15, 2021.

c) If the parties amend pleadings on or before January 15, 2021, and the amended pleadings result in any additional intellectual property rights

being asserted, the parties will work together to submit to the Court an amended case schedule no later than February 22, 2021. Such amended schedule will account for any necessary amendments to disclosures required under N.D. Ind. L.P.R. 3-1 and all consequent deadlines.

d) The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

e) The case should be ready for jury trial by 150 days after the close of all discovery and at this time the parties anticipate that trial is expected to take approximately 5 days.

f) The parties agree that a protective order will be necessary to govern the production of confidential information in this case, and a proposed stipulated protective order will be submitted for the Court's consideration.

g) Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service in electronic mail to counsel of record of all papers requiring service. The parties further agree that filing via the Court's ECF system constitutes such electronic service.

h) The parties agree that any privilege/redaction logs must be provided no later than 21 days after the deadline for service of Final Invalidity Contentions.

i) The parties each represent that they have taken all necessary steps to

preserve potentially relevant documents, information, and data (whether in hard-copy form, electronic form, or otherwise). The parties further represent that this obligation is an ongoing one and the parties will continue to take such steps throughout the life of this litigation.

j) All parties **do not** consent to transfer of jurisdiction of this case to a Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

**6. Alternative Dispute Resolution**

The case's settlement prospects may be enhanced via the following ADR procedure: The parties are open to mediation or a settlement conference.

- 7 -

Dated: October 27, 2020                    Respectfully submitted,


                                           By: /s/ *Michael H. Michmerhuizen*
                                           Michael H. Michmerhuizen, #22086-02
                                           Patrick G. Murphy #19500-02
                                           George Pappas # 6570-02
                                           215 E. Berry Street
                                           Fort Wayne, Indiana 46802
                                           Ph:  (260) 423-9551
                                           Fax:  (260) 423 8920
                                           Email: mhm@barrettlaw.com
                                                  gp@barrettlaw.com
                                                  pat@barrettlaw.com

                                           Michael D. Marston
                                           mmarston@bhlawyers.net
                                           **Botkin & Hall, LLP**
                                           1003 North Hickory Road
                                           South Bend, IN 46615
                                           Phone: (574) 234-3900
                                           Facsimile: (574) 236-2839

                                           Dustin R. DuFault (*pro hac vice*)
                                           DDuFault@DuFault-Law.com
                                           **DuFault Law Firm, P.C.**
                                           PO Box 1219
                                           Minnetonka MN 55345
                                           Phone: (952) 935-4392
                                           Facsimile: (866) 936-4542
                                           *Attorneys for Plaintiff/*
                                           *Counter-Claim Defendants*